## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| **ANDREW KOZAR,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. 1:14-cv-02634** |
| | ) | |
| **OFFICER MUÑOZ, OFFICER HARDWICK,** | ) | |
| **OFFICER ERVIN, OFFICER FABIAN, OFFICER** | ) | |
| **SMITH, OFFICER COLLIER,** | ) | |
| **OTHER UNKNOWN CORRECTIONAL OFFICERS,** | ) | |
| **THOMAS DART, solely in his official capacity** | ) | |
| **as SHERIFF OF COOK COUNTY, and** | ) | |
| **COUNTY OF COOK,** | ) | |
| | ) | |
| **Defendants.** | ) | |

### FOURTH AMENDED COMPLAINT

Plaintiff, Andrew Kozar, for his fourth amended complaint against Officer Muñoz, Officer Hardwick, Officer Ervin, Officer Fabian, Officer Smith, Officer Collier, various correctional officers whose identities are currently unknown, Thomas Dart in his official capacity as Sheriff of Cook County, and the County of Cook ("Defendants") states as follows:

### Introduction

1.      As described in greater detail herein, this is an action pursuant to 42 U.S.C. Section 1983 to redress the deprivation under color of law of Plaintiff's rights as secured by the Eighth and Fourteenth Amendments of the United States Constitution.

2.      During the approximately one-year time period that Plaintiff has been held at the Cook County Jail in pre-trial detention, he has repeatedly been subject to vicious assaults from other inmates. Despite the fact that Defendants knew or should have known that the assaults

would occur, the Defendants were deliberately indifferent to Plaintiff's safety, in many cases standing by or refusing to come to his aid while he was attacked.

3.     Furthermore, after one of the assaults Plaintiff suffered a broken nose which he complained about to Defendants. Notwithstanding these complaints, he was denied medical care for almost a week. When he was eventually seen by medical staff, his nose had set improperly and had to be painfully re-broken. Defendants' failure to provide Plaintiff with appropriate medical care constituted deliberate indifference to his serious medical needs.

4.     As a result of Defendants' actions, Plaintiff has suffered serious physical pain and injury, as well as mental anguish and emotional distress.

### Jurisdiction and Venue

5.     This Court has jurisdiction of this action pursuant to 28 U.S.C. Section 1331.

6.     Venue is proper under 28 U.S.C. Section 1391(b) in that all of the events or omissions giving rise to Plaintiff's claims occurred in this judicial district.

### The Parties

7.     Plaintiff, Andrew Kozar, is and has been at all times a citizen of the United States and a pretrial detainee at Cook County Jail.

8.     Defendant Thomas Dart, solely in his official capacity as Cook County Sheriff, is the employer of each of the Defendant Officers. The Cook County Sheriff is responsible for the acts of the Defendant Officers while employed by the Cook County Sherriff's Office and while acting within the scope of their employment. The County of Cook is responsible for all money damages against the Sherriff's Office and its officers.

9.     Officer Muñoz, Officer Hardwick, Officer Ervin (Star #7931), Officer Fabian (Star #8820), Officer Smith (Star #9658), Officer Collier (Star #1013), and the currently

Unknown Cook County Sherriff's Officers are or were at all times relevant to this action Cook County Sheriff's Officers.

### The Incident on or about December 26, 2013

10.    Plaintiff began his pre-trial detention at the Cook County Jail on December 6, 2013.

11.    On or about December 26, 2013, Plaintiff was held in a severely overcrowded cell in Living Unit 2 North of Division 8 with 12 other inmates. On information and belief, this cell was intended to hold 4 inmates.

12.    Even though all of the inmates in the cell were supposed to be medium security prisoners, one or more of the Defendants chose to hold or continue to hold a maximum security prisoner in the same cell.  The maximum security prisoner bragged to the other prisoners in the cell that he had committed multiple murders.  Plaintiff was told by one of the Cook County Jail employees that this prisoner should not have been placed in the cell, both because the maximum security prisoner was on "hold alone" status and because of his higher security level.

13.    After being placed in the cell, the maximum security prisoner began to threaten and intimidate the other prisoners.  Turning his attention to Plaintiff, the maximum security prisoner grabbed Plaintiff by the leg and ripped him off the bed on which Plaintiff was lying. The maximum security prisoner pinned Plaintiff to the floor, first by placing a piece of furniture on top of him and then by covering his head with a blanket.  While Plaintiff was defenseless, the maximum security prisoner began to pummel Plaintiff with his fists.

14.    During the assault on Plaintiff, two of the Defendant Correctional Officers walked up to the cell, watched the assault on Plaintiff through the glass, and then walked away without rendering any aid or assistance to Plaintiff.  Plaintiff then pounded on the door in a desperate

attempt to attract attention, and two other Defendant Correctional Officers eventually came to the cell to break up the assault. After the assault, Plaintiff was removed from the cell and taken to receive medical care.

15. Defendant Officers Ervin, Fabian, Smith, and Collier were all on duty on Living Unit 2 North of Division 8 at the time of the assault and showed deliberate indifference to Plaintiff's safety by placing a maximum security prisoner in Plaintiff's cell, by continuing to hold said maximum security prisoner in the cell, by intentionally informing other prisoners in the cell of the reason for Plaintiff's incarceration and thereby making him a target for attack, and/or by failing to prevent and then initially ignoring the assault on Plaintiff.

16. As result of the deliberate indifference and intentional neglect of Defendants, Plaintiff suffered a split lip, a black eye, and various bruises to his body, and believes he may have been concussed.

**The Incident on or about January 31, 2014**

17. On or about January 31, 2014, Plaintiff was housed in Division 6 of the Cook County Jail. Plaintiff had checked himself into protective custody, which he hoped would prevent further assaults by other prisoners.

18. Another inmate, Daniel Jackson moved himself into Plaintiff's cell. Inmates are not permitted to choose their cells, but Jackson was improperly given leeway by Defendant Unknown Correctional Officers in the area to do as he pleased.

19. These Defendant Unknown Correctional Officers also knew or should have known that Jackson was a homosexual attracted to Caucasian inmates and that Plaintiff was at risk by being housed in the same cell with him. Plaintiff is heterosexual.

20.     Later in the afternoon, the inmates were locked in their cells during a shift change. Jackson blocked the vertical slots in the door so that visibility into the cell was obstructed. During this time period, Defendant Unknown Correctional Officers were conducting regular checks of the cells and were supposed to remove any obstructions in the vertical slots. However, they ignored the obstructions in Plaintiff's cell.

21.     After covering the vertical slots, Jackson then told Plaintiff that he (Jackson) was going to sexually assault Plaintiff and that Plaintiff would be beaten if he screamed for assistance. Following this warning, Jackson sexually assaulted Plaintiff.

22.     When Plaintiff complained after the assault, he was openly mocked by various correctional officers at the jail and accused of having wanted or encouraged the assault.

23.     Plaintiff was emotionally shattered by the assault, at one point taking steps to commit suicide by throwing himself from an upper floor at the jail, but another inmate prevented him from following through.

### The Incident on or about May 20, 2014

24.     On or about May 19, 2014, Plaintiff was housed in Division 6 of the Cook County Jail. Again Plaintiff had checked himself into protective custody in an effort to avoid further assaults.

25.     Plaintiff's cellmate was Juan Riviera. Riviera was mentally unstable. He talked out loud to himself and paced back and forth in the cell in an erratic fashion. Plaintiff felt physically threatened by Riviera.

26.     On the 3 to 11 pm shift on or about May 19, 2014, Plaintiff spoke with Defendant Officer Muñoz, told Officer Muñoz about Riviera's behavior, and pleaded to be moved to a

different cell. Nevertheless, Officer Muñoz and other Defendant Unknown Correctional Officers were deliberately indifferent to Plaintiff's safety.

27. As feared by Plaintiff, while Plaintiff was using the toilet in his cell or about May 20, 2014, he was punched in the face by Riviera. This punch broke Plaintiff's nose and caused him to begin bleeding profusely.

28. Despite the attack on Plaintiff, a Defendant Unknown Correctional Officer refused to take Plaintiff out of the cell.

29. The next day, Plaintiff complained to another Defendant Unknown Correctional Officer that his nose was broken and that he needed medical attention. Nevertheless, the officer refused to take him for medical care.

30. Over the next four days, Plaintiff complained daily to various Defendant Unknown Correctional Officers about the condition of his nose, but they also refused to take him for medical care. One such officer even asked him what happened to his face, but then only proceeded to put Plaintiff back in his cell.

31. Plaintiff was not taken for medical care until almost a week after the incident with Riviera. At that time, Plaintiff's nose had to painfully rebroken so it could be set properly.

32. To make matters worse, during the entire time that Plaintiff's nose was broken and before he was allowed to obtain medical attention, he was kept in the cell with Riviera and continued to fear for his safety.

**The Incident on or about November 1, 2014**

33. On or about November 1, 2014, Plaintiff was housed in Division 2 of the Cook County Jail.

34.     While in the dorm area of the jail, Plaintiff was assaulted and beaten by another inmate.

35.     Defendant Officer Hardwick was less than five feet away from Plaintiff when the assault took place, but he refused to stop the assault.  Instead, he said "let them fight it out." When Officer Hardwick said this, Plaintiff was on his back, physically overpowered by the other inmate, and having his pants ripped off.

36.     As a result of the assault on or about November 1, 2014, Plaintiff suffered permanent injuries to his shoulder.

**Plaintiff Has Exhausted Administrative Procedures**

37.     In connection with each of the above incidents, Plaintiff either filed a grievance and exhausted administrative appeals or was effectively denied the opportunity to file a grievance and exhaust administrative appeals by Cook County Jail Officials who, in various situations: refused to provide Plaintiff with paper and writing utensils to fill out a grievance form; refused to accept Plaintiff's grievances when filled out; told Plaintiff that his grievances could only be filed with a County Resource Worker ("CRW") but then denied Plaintiff regular access to a CRW; took Plaintiff's grievances without providing him with a copy of his filings as required by jail procedures and then apparently never processed or responded to same; provided Plaintiff with a copy of his grievances but then never provided Plaintiff a response to same; and/or refused to provide him with the status of his grievance requests when he could not identify them by their control numbers, a piece of information that he lacked in many situations because he was never given a copy of his initial grievance filing.  The administrative procedures provided by the Cook County Jail and the State of Illinois failed to provide the relief to Plaintiff requested by this lawsuit.

## COUNT I – 42 U.S.C. § 1983

### Eighth Amendment

### Fourteenth Amendment – Due Process of Law

38.     Plaintiff incorporates and realleges Paragraph 1-36 as if fully set forth herein.

39.     As described more fully above, Defendant Officer Muñoz, Defendant Officer Hardwick, Defendant Officer Ervin, Defendant Officer Fabian, Defendant Officer Smith, Defendant Officer Collier and the Defendant Unknown Correctional Officers were deliberately indifferent to Plaintiff's safety, acting willfully and with malice by condoning the attacks on Plaintiff, facilitating their commission, allowing them to occur, and/or failing to intervene while witnessing the attacks.

40.     In addition, Defendant Unknown Correctional Officers were deliberately indifferent to Plaintiff's medical needs, denying him access to a physician for his broken nose for almost a week.

41.     As a result of this unjustified and unconstitutional conduct, Plaintiff has suffered severe physical pain and injury, as well as mental anguish and emotional distress.

WHEREFORE, Plaintiff respectfully requests this Court to enter a judgment for monetary damages against Defendant Officer Muñoz, Defendant Officer Hardwick, Defendant Officer Ervin, Defendant Officer Fabian, Defendant Officer Smith, Defendant Officer Collier, and the Defendant Unknown Correctional Officers, to enter a judgment for punitive damages against said Defendant Officers, to award Plaintiff his attorneys' fees and costs, and for such other relief as this Court deems appropriate.

## Count II – 42 U.S.C. § 1983

## Monell Claim

42.     Plaintiff incorporates and realleges Paragraph 1-36 as if fully set forth herein.

43.     The misconduct described above was undertaken by the policy and practice of the Sheriff of Cook County in that:

a.     as a matter of widespread practice so prevalent as to constitute a de facto policy, the Sheriff of Cook County violates the constitutional rights of inmates in a manner similar to that alleged by Plaintiff on a frequent basis, all with the knowledge and acquiescence of the Sheriff of Cook County and other supervisory and command personnel;

b.     as a matter of widespread practice, the Sheriff of Cook County fails to adequately train, supervise, and control officers at the Cook County Jail and fails to ensure the safety of inmates such as Plaintiff such that the Sheriff of Cook County's failure constitutes deliberate indifference to the inmates' safety;

c.     as a matter of widespread practice so prevalent as to constitute a de facto policy, the Sheriff of Cook County permits inmates who are accused of serious, violent offenses to be housed with inmates who are accused of less serious offenses, and the Sheriff of Cook County is thereby deliberately indifferent to the safety of the inmates who are accused of less serious offenses;

d.     as a matter of widespread practice so prevalent as to constitute a de facto policy, the Sheriff of Cook County permits inmates with mental health issues who the Sheriff of Cook County and his other supervisory and command personnel know or should know are dangerous or potentially dangerous to be housed with other inmates who do not present such

risk, and the Sheriff of Cook County is thereby deliberately indifferent to the safety of those inmates who do not have dangerous mental health issues;

       e.    as a matter of widespread practice so prevalent as to constitute a de facto policy, the Sheriff of Cook County fails to require that officers at the Cook County Jail intervene to prevent or break-up inmate-on-inmate attacks, and thereby is deliberately indifferent to the safety of inmates who are the victims of such attacks and who are not protected from assault or continued assault; and

       f.    as a matter of widespread practice so prevalent as to constitute a de facto policy, the Sheriff of Cook County fails to discipline officers at the Cook County Jail who have notice of potential inmate assaults and who do nothing to protect the safety of the potential victims of such assaults and/or who witness inmate assaults and who do not appropriately intervene to protect victims from further harm.

44.    Plaintiff's injuries were caused by the foregoing policies and practices of the Sheriff of Cook County.

WHEREFORE, Plaintiff respectfully requests this Court to enter a judgment for declaratory relief against the Sheriff of Cook County, in his official capacity only, directing him to cease the practices described above and to take such other steps as may be necessary to ensure the safety of Plaintiff while Plaintiff is in pre-trial detention, to enter a judgment for monetary damages against the Sheriff of Cook County, in his official capacity only, and to award Plaintiff his attorneys' fees and costs, and for such other relief as this Court deems appropriate.

### Count III – State Law Claim

### Indemnification

45.    Plaintiff incorporates and realleges Paragraph 1-36 as if fully set forth herein.

46.     Illinois law provides that public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

47.     The Defendant Officers are or were employees of the Cook County Sheriff's Department who acted within the scope of their employment in committing the conduct described herein.

48.     The County of Cook is liable for all judgments against the Sheriff of Cook County and its employees.

WHEREFORE, Plaintiff respectfully requests this Court to enter a judgment for monetary damages against the County of Cook, to award Plaintiff his attorneys' fees and costs, and for such other relief as this Court deems appropriate.

**JURY DEMAND**

Plaintiff, Andrew Kozar, hereby demands trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all issues so triable.

Respectfully submitted,

PLAINTIFF ANDREW KOZAR

By: _____

One of His Attorneys

Counsel Appointed by Court:

Peter F. Donati
Levenfeld Pearlstein, LLC
2 N. LaSalle Street, Suite 1300
Chicago, Illinois  60602
Tel.:    (312) 476-7590
Fax:    (312) 346-8434

**CERTIFICATE OF SERVICE**

I, Peter F. Donati, an attorney, hereby certify that I caused a true and accurate copy of the foregoing **Plaintiff's Fourth Amended Complaint** was served via the Court's CM/ECF system upon all registered counsel and parties of record as noted on CM/ECF's notice of electronic filing, and also via First Class U.S. Mail on January 14, 2016 to all the parties listed below.


John Power
Assistant State's Attorney
500 Richard J. Daley Center
Chicago, IL 60602


   /s Peter F. Donati      
One of His Attorneys

Peter F. Donati (6210382)
LEVENFELD PEARLSTEIN, LLC
2 North LaSalle, Ste. 1300
Chicago, Illinois 60602
312.346.8380
Fax: 312.346.8434
Email: pdonati@lplegal.com
Attorneys for Plaintiff