UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ANDREW KOZAR, | ) | |
| | ) | |
| Plaintiff, | ) | 14 C 2634 |
| | ) | |
| vs. | ) | Judge Gary Feinerman |
| | ) | |
| OFFICER MUNOZ, OFFICER HARDWICK, OFFICER ERVIN, OFFICER FABIAN, OFFICER COLLIER, OFFICER SMITH, and COUNTY OF COOK, | ) ) ) ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Andrew Kozar brought this suit under 42 U.S.C. § 1983 alleging that correctional officers at Cook County Jail were deliberately indifferent on several occasions to a substantial risk of harm posed by other detainees. Doc. 40. The court granted summary judgment to two of the officers, but let the claims against the others proceed to trial. Docs. 79-80 (reported at 230 F. Supp. 3d 915 (N.D. Ill. 2017)). A jury returned a verdict in favor of the remaining defendants, and judgment was entered. Docs. 129-130, 135.

Defendants now seek $7,409.50 in costs pursuant to Federal Rule of Civil Procedure 54(d)(1) and 28 U.S.C. § 1920. Doc. 136; Doc. 143 at 5. Kozar argues that he is indigent and therefore should not be subjected to a cost award. Doc. 142.

A prevailing party "presumptively receives the costs of litigation and it is the losing party's burden to overcome this presumption." *Johnson v. Target Corp.*, 487 F. App'x 298, 301 (7th Cir. 2012). But "it is within the discretion of the district court to consider a plaintiff's indigenc[e] in denying costs under Rule 54(d)." *Rivera v. City of Chicago*, 469 F.3d 631, 634

1

(7th Cir. 2006) (internal quotation marks omitted). *Rivera* directs district courts to undertake a two-step analysis when presented with a claim of indigence:

> First, the district court must make a threshold factual finding that the losing party is incapable of paying the court-imposed costs at this time or in the future. The burden is on the losing party to provide the district court with sufficient documentation to support such a finding. This documentation should include evidence in the form of an affidavit or other documentary evidence of both income and assets, as well as a schedule of expenses. Requiring a non-prevailing party to provide information about both income/assets and expenses will ensure that district courts have clear proof of the non-prevailing party's dire financial circumstances. Moreover, it will limit any incentive for litigants of modest means to portray themselves as indigent.
>
> Second, the district court should consider the amount of costs, the good faith of the losing party, and the closeness and difficulty of the issues raised by a case when using its discretion to deny costs. No one factor is determinative, but the district court should provide an explanation for its decision to award or deny costs.

*Id.* at 635-36 (citations and internal quotation marks omitted).

As for the first step, Kozar submits an affidavit averring that he was incarcerated, has no assets, and owes $14,000 in enumerated debts. Doc. 142 at 3. Kozar also avers that he suffers from seizures and has been diagnosed with depression and post-traumatic stress disorder, that his highest level of education is high school, and that he will be required to register as a sex offender upon his release. *Ibid.* Kozar's projected release date was March 12, 2018. Doc. 143 at 5. Even if he has been released as scheduled, the unfortunate reality is that Kozar's income-generating capabilities are likely to be severely limited. Given these circumstances, Kozar has sufficiently established that he is "incapable of paying the court-imposed costs at this time or in the future." *Rivera*, 469 F.3d at 635 (internal quotation marks omitted); *see also Mathis v. Carter*, 2017 WL 2243040, at *1 (N.D. Ill. May 23, 2017) (declining to assess costs against a losing party who was incarcerated and indigent); *Shultz v. Dart*, 2016 WL 3227276, at *2 (N.D. Ill. June 13, 2016) (same).

As for the second step of the analysis, while the requested costs are by no means astronomical, they still would pose a substantial hardship to Kozar, who presently lacks any source of income, whose post-incarceration income-generating capabilities are likely to be severely limited, and who is already burdened by substantial debt.  Moreover, Kozar pursued this case in good faith.  He was seriously injured by fellow inmates, and most of his constitutional claims were meritorious enough to survive summary judgment.  Although the jury ultimately found that the defendants were not deliberately indifferent to his safety, a verdict for Kozar would have survived, in large part or perhaps in its entirety, a defense motion under Civil Rule 50 for judgment as a matter of law.

For these reasons, the court denies Defendants' request for costs.

March 15, 2018

United States District Judge